943 F.2d 50
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Sheldon L. THOMAS, Robert Chapman, Lawrence Hays, Charles
William Lewis, Herbert N. Arnold, John J. Faber, Doy
Westfall, Philip Gardner, Herbert C. Smith, Jr., Terry J.
Ellis, Kenton E. Lamb, Carl A. Metz, Duane Kyle Sutton,
James R. Mobbs, George W. Chaney, Jr., William R. Ladwig,
Robert H. Lipscomb, Samuel Mercer, Carl W. Pugh, Kenneth H.
Powell, John W. Tant, Gerald Watkins, Peter M. Schultz,
Buddy Richards, Beverly A. Hupp, Executrix for the estate of
Robert E. Hupp, deceased, Plaintiffs-Appellants,
v.
BORG-WARNER CORPORATION, Defendant-Appellee.
 No. 91-1019.
 United States Court of Appeals, Fourth Circuit.
 Argued July 9, 1991.
Decided Sept. 10, 1991.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Parkersburg. Charles H. Haden, II, Chief District Judge. (CA-90-97-A)
 Argued: Leman Walton Auvil, Pyles & Auvil, Parkersburg, W.Va., for appellants.
 Mark A. Casciari, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for appellee.
 On Brief: Elizabeth A. Pyles, Pyles & Auvil, Parkersburg, W.Va., for appellants.
 Krista S. Kaplan, Denise M. Grayson, Seyfarth, Shaw, Fairweather & Geraldson, Chicago, Ill., for appellee.
 S.D.W.Va.
 AFFIRMED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Plaintiffs contend that Borg-Warner's denial of severance benefits allegedly due them violates the Employee Retirement Income Security Act (ERISA), 29 U.S.C. § 1001, et seq. We affirm the district court's entry of summary judgment for Borg-Warner.
 
 I.
 
 2
 Appellee, Borg-Warner Corporation, operated a Transportation Services Division in Washington, West Virginia at which it employed appellants as truck drivers and mechanics. On May 8, 1987, in contemplation of a sale of this division, Borg-Warner adopted a Transitional Income Plan (TIP) covering appellants. This plan provided severance benefits upon "[a] divestiture, sale or transfer of all or a portion of Transportation Services wherein the employee is not offered employment with the purchaser." On August 1, 1987, appellee sold the Transportation Services Division to North American Van Lines/Com Trans (NAVL). NAVL had offered employment to all appellants on July 18, 1987. Each appellant declined the offer of employment. Charles Lewis, however, accepted a subsequent offer but later resigned voluntarily from NAVL. All appellants made demands for TIP benefits, and all such demands were refused by Borg-Warner.
 
 
 3
 Following this denial, appellants filed suit in the United States District Court for the Southern District of West Virginia alleging that Borg-Warner's denial of severance benefits violated various provisions of ERISA. The district court granted summary judgment to Borg-Warner, and plaintiffs now appeal.
 
 II.
 
 4
 The dispositive fact in this appeal is that Borg-Warner conformed to the clear terms of the Transitional Income Plan. With the exception of appellant Lewis, the appellants refused offers of employment from NAVL, thereby terminating their rights under the TIP.[1] After a careful review of the record, we agree with the district court's determination on summary judgment that the offers of employment by NAVL were bona fide. Rejection of such bona fide offers of employment from NAVL rendered plaintiffs ineligible for severance benefits under the plain terms of the Borg-Warner plan.
 
 III.
 
 5
 Appellants also contend that Borg-Warner denied them benefits while providing benefits under the same plan to salaried employees who were similarly situated. We are reluctant to import the many variants of equal protection jurisprudence into administration of ERISA plans. In any event, appellants are not similarly situated visa-vis the salaried employees who received benefits. Those salaried employees accepted offers of employment from NAVL, but were subsequently discharged while they were still eligible for severance benefits from Borg-Warner. Accord Flick v. Borg-Warner Corp., 892 F.2d 285, 288 (3d Cir.1989).
 
 IV.
 
 6
 Appellants also argue that Borg-Warner committed numerous procedural violations following denial of appellants' claims under the plan. Assuming arguendo that such violations did occur, these violations must have involved substantive harm or detrimental reliance in order for relief to be warranted. See, e.g., Sejman v. Warner-Lambert Co., 889 F.2d 1346, 1350 (4th Cir.1989); Simmons v. Diamond Shamrock Corp., 844 F.2d 517, 524-25 (8th Cir.1988). Given that the appellants were not entitled to benefits under the plain language of the plan, the alleged procedural violations did not operate to appellants' detriment.
 
 V.
 
 7
 For the foregoing reasons, the judgment of the district court is
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Appellant Lewis accepted an offer of employment from NAVL, but his TIP rights terminated when he voluntarily resigned from NAVL